946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re MOBILE VIDEO, INC., an Oklahoma corporation, Debtor.
AMERICAN BANK AND TRUST COMPANY, an Oklahoma banking
corporation, Plaintiff-Appellee,
and
Kendalwood Corporation, an Oklahoma corporation, Plaintiff,
v.
MOBILE VIDEO, INC., an Oklahoma corporation, Defendant-Appellant,
and
David A. Simmons; Cheryl R. Simmons, individually, Defendants.
 Nos. 90-5192, 90-5193.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before LOGAN, JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the district court sitting as an appellate court in bankruptcy. We consider two issues. First, are we required to hold that the debtor, who is the appellant here, has failed to perfect appellate jurisdiction in this and the district court by failing to obtain a stay and post a bond under 11 U.S.C. § 363(m)? If that question is answered in the negative, we must decide whether the bankruptcy court correctly ruled valid a second and third mortgage held by the appellee bank on the debtor's real property. We conclude we have jurisdiction to determine the merits of this case, but because the value of the debtor's property determined during the foreclosure process is exceeded by the amount of the first mortgage, any issue relating to the validity of the second and third mortgages is moot. We therefore affirm the judgment of the district court.
 
 
 2
 Our initial concern in this case was whether we were deprived of jurisdiction over the merits of the appeal by debtor's failure to comply with § 363(m). During oral argument, however, counsel for the bank conceded that Okla.Stat.Ann. tit. 12, § 774 (1988) applies to these proceedings. That statute states:
 
 
 3
 If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but in such cases, restitution shall be made, by the judgment creditors, of the money, for which such lands or tenements were sold, with lawful interest from the day of sale.
 
 
 4
 The bank therefore correctly concedes that while the debtor's failure to comply with § 363(m) may deprive this court of jurisdiction to reverse the mortgage sale and order the restoration of debtor's interest in the land, we have jurisdiction nonetheless to determine whether the debtor is entitled to money damages for restitution. Because of this concession, then, we must next consider the issues related to the second and third mortgages.
 
 
 5
 This consideration is tempered, however, by debtor's concession of the validity of the bank's first mortgage. At oral argument, debtor's counsel admitted if the value of debtor's property found in the record does not exceed the amount of the first mortgage, any issue related to the second and third mortgages is moot. Therefore, resolution of this case is moored upon what the record has to say about the value of this property.
 
 
 6
 Debtor contends the only evidence of value is the value placed upon the property for the purpose of determining whether to grant the bank relief from the automatic stay imposed by 11 U.S.C. § 362. Upon the basis of the evidence presented, and for that purpose only, the bankruptcy court found the value of the property to be $950,000. The court also determined all three of the bank's mortgages were valid and set the secured claim represented by those mortgages, again for the purpose of the motion to modify stay, to be $1,002,805.22. Part of that finding was the court's additional finding that the first mortgage totaled $727,125 including principal, interest, costs, and attorney fees, as of May 16, 1989. (R.Vol. III, 267-69). On the basis of those findings, the bankruptcy court granted the bank relief from stay to proceed with foreclosure.
 
 
 7
 As required by Oklahoma law,[1] for the purpose of foreclosure the United States Marshal submitted the property to appraisal by three appraisers. (R.V. I, tab. 50). The appraisers determined for that purpose the property was worth only $475,000. Id. The bank contends this determination represents the true value of the property for the purpose of foreclosure.
 
 
 8
 Value is ephemeral, and like beauty, it is found only through the eyes of the appraiser. Short of an arm's length sale by a willing and unhampered seller to an equally willing buyer, value can only be determined by reliance upon expert opinion. While debtor's counsel contended the appraisals conducted in Oklahoma for the purpose of foreclosure were not to be highly regarded, we nonetheless believe the appraisers' determination represents the only evidence of value for the purpose of foreclosure that is in the record.
 
 
 9
 When this value is coupled with the bankruptcy court's finding on the amount of the uncontested first mortgage and viewed in light of the concessions made at oral argument, we are constrained to conclude the debtor's argument on the validity of the second and third mortgages is moot. Because the foreclosure value of the property did not exceed the amount of the first mortgage, which continues to grow each day,[2] debtor would have no basis for restitutional damages even if the second and third mortgages were invalid. Although for a different reason than that decided by the district court, its judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Okla.Stat.Ann. tit. 12, § 759B
 
 
 [2]
 It surely exceeds $727,125 by a substantial sum at this time